**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Darwarnh Edward Greenson, | Civ. No. 12-3128 (MJD/JJK) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| County of Dakota, | |
| Defendant. | |

Roderick J. Macpherson, III, Esq., MN Disability Law Center, counsel for Plaintiff.

Kathryn M. Keena, Esq., and Andrea G. White, Esq., Dakota County Attorney's Office, counsel for Defendant.

JEFFREY J. KEYES, United States Magistrate Judge

This matter is before the Court on Plaintiff Darwarnh Edward Greenson's Motion for Voluntary Dismissal of Certain Requests for Relief or Certain Claims (Doc. No. 8). The District Court has referred the motion to this Court for a Report and Recommendation under 28 U.S.C. § 636 and D. Minn. LR 72.1. Plaintiff originally filed this case in the Dakota County District Court for the State of Minnesota asserting claims under the Minnesota Human Rights Act, the Americans with Disabilities Act, the Federal Rehabilitation Act, and a common-law negligence claim, and seeking damages as well as declaratory and injunctive relief. Defendant removed the case to federal court under 28 U.S.C. § 1446(a), on the grounds that the Complaint raised federal statutory claims over which the

Court would have original jurisdiction under 28 U.S.C. § 1331.  Now, Plaintiff asks this Court to allow him to voluntarily dismiss either his requests for declaratory and injunctive relief or his state law claims and the corresponding requests for prospective relief on grounds that this Court lacks jurisdiction to provide such a remedy under the Supreme Court's decision in *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983).  For the reasons that follow, this Court recommends that Plaintiff's motion be denied as moot and that his requests for declaratory and injunctive relief be dismissed without prejudice.

**FACTS**

Plaintiff is a deaf man who was incarcerated on two separate occasions during 2009 in the Dakota County Jail.  (Doc. No. 1, Att. 1, Compl. ¶ 1.)  On both occasions he was detained in the Dakota County Jail, he alleges that Defendant failed to provide him with auxiliary aids and services that would allow him to benefit from the use of the telephone in the same way as the inmates of the jail that were not hearing impaired.  (Compl. ¶¶ 1, 14–27.)  Plaintiff alleges that before he was incarcerated and before he filed suit, Defendant had reached a settlement with the United States Department of Justice and the Minnesota Department of Human Rights in similar cases, and Defendant allegedly agreed to provide interpreters and TTY devices to its deaf inmates.  (Compl. ¶ 2.)

On December 3, 2012, Plaintiff commenced this action in the Dakota County District Court for the State of Minnesota.  (Doc. No. 1, Att. 1 at 1, Summons.)  Plaintiff asserted claims under two federal statutes: the Americans

with Disabilities Act ("ADA"), 42 U.S.C. § 12132; and the Federal Rehabilitation Act ("FRA"), 29 U.S.C. § 794. (Compl. ¶¶ 35–48.) Plaintiff also asserted a common law claim for negligence under Minnesota law, and a claim under the Minnesota Human Rights Act ("MHRA"), Minn. Stat. §§ 363A.12, and 363A.03, subd. 33. (*Id.* ¶¶ 49–53 (negligence claim); *id.* ¶¶ 28–34 (MHRA claim).) In his prayer for relief, Plaintiff sought damages, but he also asked the Court to grant prospective declaratory and injunctive relief. Specifically, he requested that the Court:

> 1. Issue a declaratory injunction that Defendant's actions, omissions, policies and practices described in this Complaint [i.e., failing to provide suitable devices to accommodate deaf inmates] violated the rights of Plaintiff and other deaf people under the [MHRA, the ADA, the FRA], and Minnesota common law
>
> 2. Issue its order for injunctive relief directing Defendant to:
>
>> a. Provide qualified ASL interpreters for communications with their staff during the booking and admission procedures at the Jail;
>>
>> b. Provide deaf inmates access to appropriate and effective auxiliary aids that will allow them to communicate with people outside the Jail; and
>>
>> c. Take other appropriate corrective actions, including, but not limited to, training its staff, which will ensure Defendant fully complies with its obligations under the [MHRA, the ADA, the FRA] and Minnesota common law.

(*Id.*, Relief Requested ¶¶ 1, 2.a.–2.c.)

3

Because Plaintiff's Complaint included two federal statutory claims within the Court's original jurisdiction, Defendant was entitled to remove this action to federal court, which it did on December 18, 2012. 28 U.S.C. §§ 1331, 1446(a); (Doc. No. 1, Notice of Removal). Then, on March 1, 2013, Plaintiff filed his now pending Motion for Voluntary Dismissal of Certain Requests for Relief and/or Certain Claims. (Doc. No. 8.) In the motion Plaintiff asks the Court to issue an order under Federal Rule of Civil Procedure 41(a)(2), allowing him to either: (1) voluntarily dismiss, without prejudice, his requests for prospective injunctive and declaratory relief; or (2) voluntarily dismiss, without prejudice, both of his state law claims in their entirety, including the corresponding requests for prospective injunctive and declaratory relief. (*Id.* at 1–2.) As grounds for his motion, Plaintiff asserts that the Court lacks jurisdiction over his claims for prospective declaratory and injunctive relief under the Supreme Court's decision in *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983). (*Id.* at 2; Doc. No. 9, Pl.'s Mem. in Supp. of Mot. for Voluntary Dismissal ("Pl.'s Mem."), *passim.*)

## DISCUSSION

### I. Voluntary Dismissal Under Rule 41(a)(2) is Not Appropriate

#### A. Rule 41(a)(2)

Decisions on motions filed under Rule 41(a)(2) are committed to the district court's discretion. *Johnson v. Cartwright*, 355 F.2d 32, 39 (8th Cir. 1966). Rule 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order

4

states otherwise, a dismissal under this paragraph (2) is without prejudice." Fed. R. Civ. P. 41(a)(2). District courts decide whether to allow voluntary dismissal under the Rule according to the following considerations:

> A decision whether to allow a party to voluntarily dismiss a case rests upon the sound discretion of the court. In exercising that discretion a court should consider factors such as whether the party has presented a proper explanation for its desire to dismiss, whether a dismissal would result in a waste of judicial time and effort, and whether a dismissal will prejudice defendants. Likewise, a party is not permitted to dismiss merely to escape an adverse decision nor to seek a more favorable forum.

*Hamm v. Rhone-Poulenc Rorer Pharm., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999) (citations omitted).

**B.     Analysis**

Plaintiff's motion raises an unsettled question about the propriety of using Rule 41(a) to voluntarily dismiss something other than an entire action. Rule 41(a)(2) refers specifically to a plaintiff's ability to voluntarily dismiss "an action." Fed. R. Civ. P. 41(a)(2). This reference to dismissing an "'action[]' contrasts with Rule 41(b), which provides that 'a defendant may move for dismissal of an action *or of any claim* against him.'" *Gronholz v. Sears, Roebuck and Co.*, 836 F.2d 515, 518 (Fed. Cir. 1987) (quoting *Smith, Kline & French Labs v. A.H. Robins Co.*, 61 F.R.D. 24, 28–29 (E.D.Pa. 1973), and Fed. R. Civ. P. 41(b)) (emphasis added). Because Rule 41(a) refers to dismissal of "actions" rather than individual "claims," some courts have concluded that "Rule 41(a) does not provide for the voluntary dismissal of less than all claims against any defendant." *Graco, Inc. v.*

5

*Techtronic Indus. N. Am., Inc.*, Civ. No. 09-1757 (JRT/RLE), 2010 WL 915213, at *2 (D. Minn. Mar. 9, 2010) (citing cases).

Some courts treat motions seeking to voluntarily dismiss only a portion of a complaint as motions to amend the complaint under Rule 15(a). *See Smith v. Lurie*, Civ. No. 09-3513 (DWF/SER), 2011 WL 5025267, at *1 (D. Minn. Oct. 21, 2011). But, the Eighth Circuit Court of Appeals has described the difference between a motion for partial voluntary dismissal and a motion to amend as "'more technical than substantial.'" *Id.* (quoting *Wilson v. Crouse-Hinds Co.*, 556 F.2d 870, 873 (8th Cir. 1977)). As noted in former United States Magistrate Judge Raymond L. Erickson's Report and Recommendation in *Graco*, the Eighth Circuit's characterization of the difference between Rule 15(a) and Rule 41(a) motions to dismiss only a portion of a case "follows from a realization that the Court must dismiss those voluntarily dismissed 'claims'—even if they constitute less than the plaintiff's entire cause of action—when they no longer present an actual 'case or controversy' over which the Court can have subject matter jurisdiction." *Graco*, 2010 WL 915213, at *3 (citing *Defenders of Wildlife, Friends of Animals and Their Environment v. Hodel*, 851 F.2d 1035, 1038 (8th Cir. 1988)).

This Court need not resolve this uncertainty in the law to address the issues before it.[1] The parties agree that the Court lacks jurisdiction over Plaintiff's requests for prospective declaratory and injunctive relief. And this Court concludes, as explained in Part II of this Report and Recommendation, that jurisdiction is indeed lacking. Thus, there is no reason for this Court to determine the proper procedural mechanism for a party to request the type of relief Plaintiff asks for in his motion for voluntary dismissal.

## II. Article III Case or Controversy

The parties acknowledge that the Court has no jurisdiction to entertain Plaintiff's claim for prospective declaratory and injunctive relief. This Court agrees. In *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983), the Supreme Court held that the federal courts have no jurisdiction to hear a plaintiff's request for prospective injunctive relief when the requested injunction relates to a threat of future injury that is neither "real" nor "immediate," but is instead only "conjectural"

---

[1] Plaintiff's motion is motivated by his desire to have his requests for prospective declaratory and injunctive relief heard in a separate action in state court. (Pl.'s Mem. 10–12 (arguing that Plaintiff could bring his claims against Defendant in state court following dismissal under the rules of "standing" established by the Minnesota state courts).) Plaintiff's counsel confirmed Plaintiff's intent to start a separate state court case if he obtains the relief he requested at the May 28, 2013 hearing on the motion. If this court was exercising its discretion to dismiss this claim under Rule 41(a), it would have to take heed of the Eighth Circuit's instruction that "a party is not permitted to dismiss merely to escape an adverse decision nor to seek a more favorable forum." *Hamm*, 187 F.3d at 950. But this Court need not confront this issue because, as explained in more detail below, the Court has no jurisdiction in the first instance over Plaintiff's claims for prospective declaratory and injunctive relief.

or "hypothetical." *Id.* at 101–06. In *Lyons*, the plaintiff had been arrested by members of the Los Angeles Police Department and subjected to a chokehold or control hold that allegedly rendered him unconscious and damaged his larynx. *Id.* at 97–98. As Plaintiff does in this case, the plaintiff in *Lyons* sought both damages and prospective injunctive relief. *Id.* at 98. The *Lyons* plaintiff sought an injunction that would prohibit the Los Angeles police from using the chokehold or control holds in the future on grounds that the holds were a matter of routine police practice as authorized by the City of Los Angeles. *Id.* On that basis, the plaintiff asserted that he and others similarly situated to him were threatened with irreparable injury. *Id.*

The Supreme Court explained that to invoke the jurisdiction of the federal courts a plaintiff must demonstrate that "he 'has sustained or is immediately in danger of sustaining some direct injury' as the result of the challenged official conduct and the injury or threat of injury must be both 'real and immediate,' not 'conjectural' or 'hypothetical.'" *Lyons*, 461 U.S. at 101–02. This requirement flows from the "threshold requirement imposed by Art. III of the Constitution [which requires] alleging an actual case or controversy." *Id.* at 101. And the Supreme Court concluded that the fact the plaintiff

> may have been illegally choked by the police on October 6, 1976, while presumably affording Lyons standing to claim damages against the individual officers and perhaps against the City, does nothing to establish a real and immediate threat that he would again be stopped for a traffic violation, or for any other offense, by an officer or officers who would illegally choke him into unconsciousness without any provocation or resistance on his part.

8

*Id.* at 105. In other words, because the plaintiff in *Lyons* could do no more than allege that it was hypothetically possible that he could be stopped by police again and subjected to the control holds at issue without provoking the police, he failed to establish that there was an Article III case or controversy for the federal courts to hear his claim for prospective equitable relief.

The same is true of Plaintiff's request for prospective declaratory and injunctive relief in this case. Although Plaintiff alleges that the Dakota County Jail's practices are to routinely deny deaf inmates access to auxiliary aids that would put them on equal footing with inmates who are not deaf, he does not plead any facts that would suggest he is in immediate threat of again being arrested in Dakota County, confined in the Dakota County Jail, and denied access to the TTY devices or interpreter services he asserts he is entitled to receive under both state and federal anti-discrimination law. *See Lyons*, 461 U.S. at 108 ("[I]t is surely no more than speculation to assert either that Lyons himself will again be involved in one of those unfortunate instances [when a control hold is illegally applied to a person stopped by the Los Angeles police], or that he will be arrested in the future and provoke the use of a chokehold by resisting arrest, attempting to escape, or threatening deadly force or serious bodily injury."); *Bahl v. County of Ramsey*, 597 F. Supp. 2d 981, 983–84 (D. Minn. 2009) (dismissing deaf inmates' requests for declaratory and injunctive relief against Ramsey County where the plaintiffs could not show a likelihood of

9

future injury sufficient to create an Article III case or controversy). Because Plaintiff cannot show that a likelihood of future injury is real and immediate, his requests for prospective declaratory and injunctive relief fail to present a case or controversy within the Court's jurisdiction.

Accordingly, dismissal without prejudice of Plaintiff's requests for declaratory and injunctive relief is appropriate. The effect of dismissing these forward looking equitable requests for relief without prejudice is where the parties appear to be most at odds. Plaintiff, as noted above in note 1, intends to file a separate case in Dakota County District Court, and Defendant wants to avoid having a dual track for this litigation in two forums where Plaintiff pursues different remedies for the same set of facts and circumstances. The parties appear to want this Court to give them an advisory opinion about whether Plaintiff would be allowed, post-dismissal, to pursue these requests for prospective injunctive and declaratory relief in state court. But this Court does not give advisory opinions and will not presume to tell a Minnesota court what to do with any lawsuit that Plaintiff chooses to file.

## RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's Motion for Voluntary Dismissal of Certain Requests for Relief or Certain Claims (Doc. No. 8), be **DENIED AS MOOT**; and

2. Plaintiff's requests for prospective declaratory and injunctive relief be **DISMISSED WITHOUT PREJUDICE**.

Date: May 29, 2013

                         *s/ Jeffrey J. Keyes*
                         JEFFREY J. KEYES
                         United States Magistrate Judge

Under Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **June 12, 2013**, a writing which specifically identifies those portions of this Report to which objections are made and the bases of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within **fourteen days** after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.